JUDGE DANIELS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

**05 CV 8560**

DO YEA KIM and ZHI LIN,

                    Plaintiffs,

                                                                    **COMPLAINT**
          - against -                                               ECF Case

167 NAIL PLAZA, INC., SIXTY EIGHT NAIL PLAZA
INC., DONG RIM PARK, and MOU SAN RIM

                    Defendants.
----------------------------------------------------------X

**05**

## PRELIMINARY STATEMENT

1.      Plaintiffs have been employees of Defendants as nail salon workers for several years.
During their employment, Plaintiffs have consistently worked more than 40 hours a
week, for more than 10 hours a day.   Defendants never paid Plaintiffs for their overtime
work and spread of hours pay.  Defendants also never paid Plaintiff Lin the proper
minimum wage, and unlawfully retaliated against Plaintiff Kim for asserting her legal
rights.  This is an action under the federal and state labor laws to recover Plaintiffs'
lawful wages plus liquidated damages, interest, and attorneys' fees.

## JURISDICTION AND VENUE

2.      Jurisdiction is conferred on the Court by 28 U.S.C. §§ 1331 and 1337 and by 29 U.S.C. §
216.  Plaintiffs' consent to bring this lawsuit is attached.  The Court has supplemental
jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  This Court
has venue pursuant to 28 U.S.C. §1391(b).

3.  Plaintiffs have notified the New York State Attorney General of their claim for retaliation.

## PARTIES

4.  Plaintiff Do Yea Kim is a former employee of Defendants 167 Nail Plaza Inc., Dong Rim Park, and Mou San Rim.

5.  Plaintiff Zhi Lin is a former employee of Defendants 167 Nail Plaza, Inc., Sixty Eight Nail Plaza, Inc., Dong Rim Park, and Mou San Rim.

6.  Defendant 167 Nail Plaza, Inc. ("167 Nail Plaza") is a nail salon located at 167 Amsterdam Avenue in Manhattan, New York.

7.  Defendant Sixty Eight Nail Plaza Inc. (d/b/a Pretty Nail) ("Sixty Eight Nail Plaza") is a nail salon located at 185 Amsterdam Avenue in Manhattan.

8.  Upon information and belief, 167 Nail Plaza and Sixty Eight Nail Plaza are part of an enterprise engaged in interstate commerce that has gross sales of over $500,000. Its employees use or handle goods that have been moved or produced in interstate commerce.

9.  Defendant Dong Rim Park is, on information and belief, the owner or part-owner of 167 Nail Plaza and Sixty Eight Nail Plaza. She is also the manager of the businesses and has the powers to hire and fire employees, set their wages, set their schedules and maintain their employee records. She is Plaintiffs' employer as that term is defined by the Fair Labor Standards Act and New York Labor Law.

10.     Defendant Mou San Rim is the husband of Defendant Park and is, on information and
belief, the owner or part-owner of 167 Nail Plaza and Sixty Eight Nail Plaza.  He is also
the manager of the businesses and has the powers to hire and fire employees, set their
wages, set their schedules and maintain their employee records.  He is Plaintiffs'
employer as that term is defined by the Fair Labor Standards Act and New York Labor
Law.

## STATEMENT OF FACTS

11.     Plaintiff Kim worked as an employee at 167 Nail Plaza from on or about March 1989
until March 18, 2005.

12.     Plaintiff Lin worked as an employee at 167 Nail Plaza from on or about March 1, 2000
until on or about March 4, 2000, and then at Sixty Eight Nail Plaza until on or about June
4, 2000.

13.     Plaintiffs were employed as manicurists, doing manicures, applying nail tips and nail
polish, and providing waxing and hair removal services.

14.     For the first six years of her employment, Plaintiff Kim worked six days a week at 167
Nail Plaza, with Mondays off.  For the last ten years of her employment, Plaintiff Kim
then generally worked five days a week with Sundays and Mondays off, although she
occasionally worked Sundays as well.

15.     Plaintiff Lin usually worked six days a week at Sixty Eight Nail Plaza, generally from
Tuesday to Sunday.

3

16.    From Tuesday to Friday, Plaintiff Kim would start work at 9:15 a.m. and work until approximately 8:00 p.m.  Plaintiff Kim worked later than 8:00 p.m. approximately one or two days per week.

17.    On Saturdays, Plaintiff Kim would work from 9:00 a.m. until approximately 7:30 p.m.

18.    From Tuesday to Saturday, Plaintiff Lin would start work at 9:15 a.m. and work until approximately 8:00 p.m., and would occasionally work later.

19.    On Sundays, Plaintiff Lin would work from 10:00 a.m. until approximately 7:00 p.m.

20.    Plaintiffs did not receive a lunch break.

21.    At the beginning of her employment, Plaintiff Kim was paid a flat rate of $300 per week by Defendants.  Plaintiff Kim's wages gradually rose over the next sixteen years to a flat rate of $460 per week.

22.    At the beginning of her employment, Plaintiff Lin was paid a flat rate of $40 per day by Defendants.  Plaintiff Lin's wages rose after the first month of her employment to $43 per day.

23.    On or about March 4th, 2005, Plaintiff Kim complained to Defendant Park about the amount of work hours and the lack of break time.

24.    On March 17th, 2005, Plaintiff Kim again told Defendant Park that she needed more break time.  Defendant Park fired Plaintiff Kim that day in retaliation for her complaint. But for Plaintiff Kim's complaint about the unlawful practice of not providing sufficient break time, she would not have been fired.

25.    Plaintiff Kim was paid her weekly wages by both cash and check, and Plaintiff Lin was paid all in cash.

26.    Plaintiff Lin was never paid the proper minimum wage for all of her hours.

27.    Plaintiffs were never paid overtime pay for their hours over 40 hours a week.

28.    Plaintiffs were never paid an extra hour's pay for each day that they worked more than 10 hours a day.

29.    Upon information and belief, Defendants willfully and intentionally did not maintain employment records of Plaintiffs' employment.

FIRST CAUSE OF ACTION

Federal Overtime Violation

(29 U.S.C. § 201 et seq.)

30.    Plaintiffs allege and re-allege the paragraphs above.

31.    While employed by Defendants, Plaintiffs consistently worked more than 40 hours in a week.

32.    Defendants' intentional failure to pay Plaintiffs the proper overtime pay violates 29 U.S.C. § 201 et seq.

SECOND CAUSE OF ACTION

State Overtime Violation

(N.Y. Labor Law § 650 et seq. and 12 N.Y.C.R.R. § 142-2.2)

33.    Plaintiffs allege and re-allege all the paragraphs above.

34.    Defendants' intentional failure to pay Plaintiffs the proper overtime pay violates N.Y. Labor Law §§ 650 et seq. and 12 N.Y.C.R.R. § 142-2.2.

THIRD CAUSE OF ACTION

State Minimum Wages Violation

(N.Y. Labor Law § 650 <u>et seq.</u>)

35.   Plaintiff Lin alleges and re-alleges all the paragraphs above.

36.   At all times relevant to this action, the state minimum wage was $4.25 per hour, as

codified by N.Y. Labor Law § 652(1).

37.   Defendants' intentional failure to pay Plaintiff Lin the proper minimum wage pay

violates N.Y. Labor Law §§ 650 <u>et seq.</u> and is actionable under N.Y. Labor Law §

663(1).

FOURTH CAUSE OF ACTION

Spread-of-Hours Pay Violations

(N.Y. Labor Law §§ 650 <u>et seq.</u>, and 12 N.Y.C.R.R. § 142-2.4)

38.   Plaintiffs allege and re-allege all the paragraphs above.

39.   Plaintiffs consistently worked over 10 hours in a single day throughout their employment

with Defendants.

40.   Defendants did not compensate Plaintiffs with one additional hour of pay at the minimum

wage for any of the days when they worked more than 10 hours.

41.   Defendants' intentional failure to pay plaintiff spread-of-hours pay violates N.Y. Labor

Law §§ 650 <u>et seq.</u> and 12 N.Y.C.R.R. § 142-2.4.

FIFTH CAUSE OF ACTION

Retaliation

(N.Y. Labor Law § 215 and 29 U.S.C. § 215)

42.   Plaintiff Kim alleges and re-alleges all the paragraphs above.

6

43.     Defendants' discharge of Plaintiff Kim because of her complaints of unlawful denial of required break time under state and federal law retaliated against Plaintiff in violation of 29 U.S.C. § 215 and N.Y. Labor Law § 215.

44.     Defendants' discharge of Plaintiff Kim was intentional and malicious and done in bad faith.

45.     Plaintiff Kim has been damaged in an amount yet to be determined including liquidated, compensatory and punitive damages.


## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully requests that a judgment be granted as follows:

a.     Awarding Plaintiffs compensatory damages, liquidated damages and prejudgment interest;

b.     Awarding Plaintiffs their attorney's fees and costs; and,

c.     Granting such other and further relief as is just and proper.

Dated: October 1, 2005

Steven Choi (SC1906)
Kenneth Kimerling (KK5762)
ASIAN AMERICAN LEGAL DEFENSE
    AND EDUCATION FUND
99 Hudson Street
New York, New York 10013
212-966-5932
Attorneys For Plaintiffs

7