UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DO YEA KIM,

                    Plaintiff,

         -against-

167 NAIL PLAZA et al.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

05 CV 8560 (GBD)

GEORGE B. DANIELS, District Judge:

      Plaintiff brought the instant action against her employers, 167 Nail Plaza , Inc., Sixty-Eight Nail Plaza, Inc., Dong Rim Park, and Mou San Rim (collectively, "defendants"), alleging that plaintiff was not paid her appropriate overtime wages in violation of the Fair Labor Standards Act ("FLSA") and New York State labor laws. Plaintiff further claimed that she was fired in retaliation for asserting her right to meal breaks, also in violation of New York labor laws. Plaintiff was employed for approximately sixteen years, from March 1989 until March 18, 2005. Plaintiff filed suit in this Court on October 5, 2005.

      In her complaint, plaintiff alleged violations of state and federal labor laws by defendants throughout the entire period of her employment. However, in the instant action, plaintiff's FLSA claims were limited by a three-year statute of limitations to federal violations occurring within three years of plaintiff's filing the complaint. Plaintiff's state labor law claims were limited by a six-year statute of limitations.

      The case proceeded to trial and on October 26, 2007, a jury rendered a verdict for plaintiff. As part of its verdict, the jury awarded plaintiff $26,408.76 in unpaid overtime wages for six years, $115,383 in lost earnings due to her retaliatory termination, and $34,000 in pain,

suffering, and mental anguish. In addition, the jury found that defendants' failure to pay overtime was willful or committed with reckless disregard of the law, in support of a further award of liquidated damages.

Defendants now move for judgment notwithstanding the verdict, or in the alternative, a new trial. Defendants also move for remittitur, to either reduce or strike the jury's award of overtime, liquidated, and compensatory damages. This Court upholds the jury's finding of liability, but orders remittitur as to all damages, except the jury award of compensatory damages for pain, suffering, and mental anguish.[1]

## DEFENDANTS' RULE 50(B) MOTIONS

Defendants have moved, pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, for judgment notwithstanding the jury verdict. Defendants argue that the jury's verdict in favor of plaintiff, on her overtime and retaliation claims, was contrary to established law and the weight of the demonstrative and testimonial evidence. That part of defendants' motion is denied.

A party seeking to bring a Rule 50(b) post-verdict motion must have previously brought a prior Rule 50(a)(2) motion for judgment as a matter of law ("JMOL"). See Tolbert v. Queens College, 242 F.3d 58, 70 (2d Cir.). A JMOL allows the moving party to alert the opposition to a potential deficiency in her proof, "thereby affording the nonmoving party an opportunity to cure any deficiency in that party's proof that may have been overlooked until called to the party's attention by a late motion for judgment." Fed. R. Civ. P. 50 Advisory Committee Note (1991);

---

[1] In a subsequent request, plaintiff also petitioned the Court to order reinstatement for plaintiff. Defendants oppose the request and this Court agrees and declines to order reinstatement. That separate motion is hereby denied. While defendants may have had the ability to urge the new owners to agree to reinstate other plaintiffs for settlement purposes before trial, the individual defendants no longer have legal ownership or control over the new business entities or over the hiring decisions of the salons.

see e.g., Kerman v. City of New York, 374 F.3d 93, 118 (2d Cir. 2004).

Rule 50(b)'s procedural requirements are inflexible and may not be changed at the parties' or the Court's discretion. "There is no provision for a JMOL motion to be made for the first time after trial. And even when a pre-verdict motion for JMOL has been made, the movant may not add new grounds after trial. The post-trial motion is limited to those grounds that were "specifically raised in the prior motion for [JMOL]." McCardle v. Haddad, 131 F.3d 43, 50-51 (2d Cir. 1977).[2]

Moreover, a court may only set aside a jury verdict when there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or . . . there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." Cross v. New York City Transit Auth., 417 F.3d 241, 248 (2d Cir. 2005) (citations omitted). When deciding a post-verdict motion pursuant to Rule 50(b), this Court "must view the evidence in a light most favorable to the nonmovant and grant that party every reasonable inference that the jury might have drawn in its favor." Samuels v. Air Transp. Local 504, 992 F.2d 12, 16 (2d Cir. 1993).

*Plaintiff's Overtime and Retaliation Claims*

There was sufficient evidence presented at trial to support the jury's finding in favor of

---

[2] The parties dispute whether defendants properly moved this Court pursuant to Rule 50(a)(2) and, thereby, preserved their right to move for judgment notwithstanding the verdict pursuant to Rule 50(b). See Plaintiff's Memorandum of Law in Opposition to Defendants' Post-Trial Motions 4, n. 5. However, many of the issues raised by the defendants' motion regarding the appropriateness of the jury's final verdict could not have been anticipated or raised during trial. Nonetheless, it is unnecessary to address the procedural appropriateness of defendants' post-trial motion, as the jury's finding of liability was clearly supported by evidence proffered at trial.

3

plaintiff on all claims. Plaintiff testified that defendants never discussed overtime with her and never paid her overtime wages. (Trial Tr. 50). Three current employees testified that they also had never been paid overtime, further supporting plaintiff's assertion that, as a general matter, defendants did not pay employees due overtime wages. (See Trial Tr. 172-73, 256-58, 271-73). Defendants did not produce any evidence, such as pay stubs or time sheets, to contradict plaintiff's claim that she was not paid proper overtime wages in violation of FLSA or New York State labor laws. Plaintiff also testified that defendants fired her after she asserted her right to meal breaks under New York State law. In contrast, defendants testified that plaintiff was never fired, but rather that she voluntarily left her employment. The jury considered the competing testimony, found plaintiff more credible, and decided in her favor.

*Plaintiff's FLSA Liquidated Damages Claim*

Defendants petition this Court to deny plaintiff an award of liquidated damages under FLSA. However, there was also sufficient evidence supporting the jury's finding that plaintiff is entitled to federal liquidated damages.

An employer who violates FLSA's overtime requirements is liable for any overtime compensation "and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "As used in the FLSA, 'liquidated damages' is something of a misnomer. It is not a sum certain, determined in advance as a means of liquidating damages that might be incurred in the future. It is an award of special or exemplary damages added to the normal damages." Brock v. Superior Care, Inc., 840 F.2d 1054, 1063, n. 3 (2d Cir.1988). Liquidated damages under the Act are not punitive. Rather, federal liquidated damages serve to compensate plaintiffs for delays in receiving due wages. Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 142 (2d Cir. 1999).

An employer may defend against an award of liquidated damages where the employer

shows that, despite the failure to pay appropriate wages, the employer acted in subjective "good faith," and had objectively "reasonable grounds" for believing that the acts or omissions giving rise to the failure did not violate the FLSA. 29 U.S.C. § 260. However, the employer bears the high burden of proving good faith and reasonableness. Double damages are the norm, and single damages are the exception. Herman, 172 F.3d at 142 (citing Reich v. Southern New England Telecomm. Corp., 121 F.3d 58, 71 (2d Cir.1997). Courts do not have discretion, under the FLSA, to decline to award liquidated damages, in whole or in part, unless the employer has established its good-faith, reasonable-basis defense. Brock v. Wilamowsky, 833 F.2d at 11, 20 (2d Cir. 1987).

To establish good faith, the employer must take active steps to ascertain the dictates of the FLSA and then act to comply with them. See Herman, 172 F.3d at 142. " 'Good faith' in this context requires more than ignorance of the prevailing law or uncertainty about its development. It requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them . . . Nor is good faith demonstrated by the absence of complaints on the part of employees, or simple conformity with industry-wide practice." Reich, 121 F.3d at 71 (2d Cir. 1997)(citations omitted).

Defendants put forth no evidence at trial that they attempted to "ascertain the dictates of the FLSA" or "comply with them." To the contrary, defendants testified that overtime was never paid, and that a semi-annual bonus that was paid to the employees more than covered any amount of overtime due and owing. (Transcript of Trial ("Trial Tr.") 294)

Defendants have not met the substantial burden necessary to avoid the customary award of FLSA liquidated damages. The statute of limitations for a FLSA action provides for recovery of wages owed and liquidated damages for the three year period prior to the filing of the lawsuit.

Plaintiff is entitled to federal liquidated damages in an amount equivalent to plaintiff's overtime wages due for overtime hours worked during the three years prior to the filing of this lawsuit. 29 U.S.C. § 255(a).

*Liquidated Damages Under New York State Law*

New York Labor Law provides separately for liquidated damages in overtime compensation claims, in addition to federal liquidated damages. See e.g. Chan v. Sun Yue Tung Corp., No. 03-6048, 2007 WL 313483, at *28 (S.D.N.Y. Feb 1, 2007); Doo Nam Yang v. ABCL Corp., 427 F. Supp. 2d 327, 340-41 (S.D.N.Y. 2005). "Upon a finding that the employer's failure to pay the wage required. . .was wilful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found are due." N.Y. Lab. Law § 198(1-a) (McKinney 2007). A willful violation occurs when "the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages." Ayres v. 127 Restaurant Corp., 12 F. Supp.2d 305 (S.D.N.Y.1998) (quoting P & L Group, Inc. v. Garfinkel, 150 A.D.2d 663, 541 N.Y.S.2d 535, 537 (2d Dep't 1989)). The burden of proof rests on the employee to make an affirmative showing that the employer's conduct was willful. N.Y. Lab. Law § 198 (1-a).

On cross-examination, defendant testified that she "didn't have any mind or thought to think about overtime issue." (Trial Tr. 294). The jury deliberated after hearing the plaintiff's and defendants' testimony, found the plaintiff's testimony to be credible, and found, based on sufficient evidence, that defendants acted willfully. The state statute of limitations for plaintiff's state law overtime wage claim is six years. Thus, plaintiff is entitled to New York State liquidated damages in the amount of twenty-five percent of the total amount of overtime wages due for the last six years.

**DEFENDANTS' MOTION FOR REMITTITUR**

Finally, defendants have moved this Court to lessen the amount of the jury verdict awarded to plaintiff, contending that certain amounts awarded were not supported by the evidence. The motion is granted in part and denied in part.

*Overtime Claim Damages*

During summation, plaintiff's counsel presented a detailed damage calculation to the jury, which counsel emphasized was based on plaintiff's testimony. Plaintiff's counsel requested that the jury find plaintiff worked a total of 4,828 hours for which she did not receive the appropriate overtime compensation. (Trial Tr. 396). After explaining more calculations to the jury, plaintiff's counsel requested that the jury award plaintiff $23,242 in due compensation for those overtime hours. (Trial Tr. 397). Plaintiff's counsel explained that under New York State law, the jury could also award plaintiff $5,810, an amount of state liquidated damages equal to 25% of the overtime compensation award if they found that defendants' failure to pay was willful or committed with reckless disregard. (Trial Tr. 398). Finally, plaintiff's counsel requested that the jury find that defendants illegally retaliated against plaintiff, and asked the jury to award plaintiff lost earnings for the period March 19, 2005, plaintiff's last date of employment, to October 26, 2007, the date of the verdict. Plaintiff's counsel calculated that figure, on the basis of plaintiff's testimony, to be $85,590. (Trial Tr. 399). In total, plaintiff's counsel requested the jury award plaintiff $114,642.

The jury returned a verdict for the plaintiff. Notwithstanding plaintiff's claim that she was owed compensation for only 4,828 overtime hours worked, the verdict form indicates that the jury determined that plaintiff was not compensated with overtime payments for a total of 5,908 hours. Using that figure, the jury awarded plaintiff $26,408.76 in unpaid overtime. The

7

jury further awarded her $6,602.19 in New York State liquidated damages. The jury also determined that defendants illegally retaliated against plaintiff and awarded plaintiff $115,383.00 in lost earnings. In total, the jury awarded plaintiff $148,393.95. Based on the jury's calculation of overtime wages owed, plaintiffs subsequently requested this Court award plaintiff an additional $11,883.94 in federal liquidated damages.[3]

The jury verdict exceeds plaintiff's request at summation by more than $33,000. Plaintiff characterizes the discrepancy between the overtime hours explained in summation and the hours determined by the jury as "de minimus." However, the jury's inflated calculation, which resulted in an award of more than $33,000 in excess of what plaintiff claimed she was owed, can hardly be described as insignificant. The plaintiff's meticulous calculations in summation were reasonably supported by the evidence. The greater amount awarded by the jury was not. The jury verdict, therefore, should be reduced to those amounts plaintiff's counsel claimed in summation that she was owed: $23,242 in overtime wages for six years, $5,810 in New York State liquidated damages for that period, and $85,590 in lost wages after her retaliatory firing. Plaintiff is additionally entitled to $10,458.90 in federal liquidated damages for the federal three year recovery period.

*Compensatory Damages*

Defendants have moved to reduce the amount of compensatory damages plaintiff received for pain, suffering, and mental anguish. The motion is denied.

At trial, plaintiff's counsel asked the plaintiff how she felt after being fired. The plaintiff testified that she "trembled and…still feel[s] shaky." She stated that she had "been working for

---

[3]Plaintiff's requested federal liquidated damages amount takes into account the three-year statute of limitations and equals 45% of the total $26,408.76 overtime jury verdict.

many years there, and…just only asked to give [her] a break." The plaintiff further testified, "even [my] car needs gas, and I'm just…a human being; how can human beings survive without eating…I couldn't understand only…by asking about…[a] break I was fired…". The jury found in favor of plaintiff on all claims. In addition to the owed wage damages awarded, the jury awarded plaintiff $34,000 in compensatory damages for pain, suffering and mental anguish.

In their motion for remittitur, defendants argue that this Court should reduce the jury award because plaintiff did not seek professional treatment for her injuries or supply any additional evidence of injury, beyond her own emotional testimony, from which the jury could conclude that plaintiff was entitled to compensation.

New York law provides that an award of damages for injury must be reduced if the award "deviates materially from what would be reasonable compensation." N.Y. C.P.L.R. § 5501(c). No court in this Circuit has defined what dollar figure constitutes reasonable compensation in situations where proof of mental anguish rests solely on a plaintiff's testimony. In fact, "New York cases vary widely in the amount of damages awarded for mental anguish." Meacham v. Knolls Atomic Power Lab., 381 F.3d 56, 78 (2d Cir. 2004), vacated on other grounds, KAPL, Inc. v. Meacham, 544 U.S. 957 125 S.Ct. 1731, 161 L.Ed.2d 596 (2005) (mem.). "While many cases applying N.Y. C.P.L.R. § 5501(c) reduce awards to $30,000 or below, others uphold awards of more than $100,000 without discussion of protracted suffering, truly egregious conduct, or medical treatment." Cross v. N.Y. Transit Auth., 417 F.3d 241, 258 (2d Cir. 2005) (quoting Meacham 381 F.3d at 78).

This Circuit has recognized and approved the more recent trend of awarding mental distress damages above and beyond the $30,000 ceiling plaintiffs historically encountered in state court. Meacham, 381 F.3d at 78 ("the passage of time since the [state] cases were decided

9

could reasonably support higher verdicts."). Federal courts in this Circuit have approved the range of compensatory damages, awarded over the past decade, between $30,000 and $125,000. See Patterson v. Balsamico, 440 F.3d 104, 120 (2d Cir. 2006) (affirming $100,000 award where the plaintiff had no evidence of medical treatment, but offered testimony of humiliation, embarrassment, loss of self-confidence, sleeplessness, headaches, stomach pains, and other physical pain); Cross, 417 F.3d at 258 (affirming $50,000 award where plaintiffs testified to experiencing anger, humiliation, and frustration, but did not seek medical treatment); Meacham, 381 F.3d at 78 (affirming $125,000 award where plaintiffs offered no proof other than testimony establishing shock, nightmares, sleeplessness, humiliation, and other subjective distress); Watson, 2005 WL 2170659 at *16 (affirming $120,000 award where plaintiff experienced depression and visited a therapist but had no permanent psychological injury). The jury award to plaintiff of $34,000 is an amount at the low end of the range of damages accepted as reasonable by courts in this Circuit. Being within a reasonable range, it should not be set aside.

## CONCLUSION

Defendants' motion for judgment notwithstanding the verdict, made pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, is DENIED. Defendants' motion for a new trial is DENIED. Defendants' motion for remittitur is GRANTED as to all amounts except the jury's award of $34,000 in compensation for mental anguish.

Judgment is awarded to plaintiff in the total amount of $159,100.90. Plaintiff is also awarded reasonable attorneys' fees.[4] The matter is referred to Magistrate Judge Gabriel

---

[4]Under both federal and state law a prevailing plaintiff in a wage-and-hour case may seek an award of reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 198. The FLSA requires an award of reasonable attorneys' fees and costs to prevailing plaintiffs, while the

---

New York State law leaves the matter to the discretion of the court. Id.   Prevailing plaintiffs seeking attorneys' fees must submit evidence that provides a factual basis for a fee award. Hensley v. Eckerhart, 461 U.S. 424, 433-434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).  In this Circuit, plaintiffs must submit contemporaneous billing records documenting the date, the hours expended, and the nature of the work done, for each attorney.  See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148, 1154 (2d Cir. 1983). In determining reasonable fees, this Court must then decide whether the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 406 U.S. 886, 896 n. 22, 104 S.Ct. 1541 (1984); Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997).

Gorenstein for a Report and Recommendation on the reasonable amount of attorney's fees to be awarded to plaintiff in this action.

Dated: July 7, 2008
      New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

New York State law leaves the matter to the discretion of the court. Id. Prevailing plaintiffs seeking attorneys' fees must submit evidence that provides a factual basis for a fee award. Hensley v. Eckerhart, 461 U.S. 424, 433-434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In this Circuit, plaintiffs must submit contemporaneous billing records documenting the date, the hours expended, and the nature of the work done, for each attorney. See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148, 1154 (2d Cir. 1983). In determining reasonable fees, this Court must then decide whether the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 406 U.S. 886, 896 n. 22, 104 S.Ct. 1541 (1984); Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997).

11