UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                                         :
DO YEA KIM,                                              :
                                    Plaintiff,           :        DECISION AND ORDER
                                                         :        05 CV 8560 (GBD) (GWG)
                                                         :
                        -against-                        :
                                                         :
                                                         :
                                                         :
167 NAIL PLAZA, INC., ET AL.,                            :
                                    Defendant.           :
-------------------------------------------------------- x

GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE:

        Plaintiff Do Yea Kim filed two unopposed motions to amend the judgment issued by this

Court after plaintiff obtained a jury verdict in her favor on October 26, 2007.  Specifically,

plaintiff seeks attorneys' fees and costs totaling $624,037.80, plus an award of pre-judgment

interest.  Plaintiff's motions were referred to Magistrate Judge Gabriel Gorenstein for a Report

and Recommendation ("the Report").  Magistrate Judge Gorenstein issued a report

recommending that plaintiff be awarded attorney's fees and costs in the amount of $181,573.80

and that an award of pre-judgment interest be granted.  This court adopts the Report's

recommendations in their entirety.

        This Court may accept, reject or modify, in whole or in part, the findings and

recommendations set forth within the Report.  28 U.S.C. § 636(b)(1) (2006).  When parties

submit objections to a magistrate's report, the Court must make a *de novo* determination of those

portions of a report to which objections are made.  Id.; see also Williams v. Beemiller, Inc., 527

F.3d 259, 261-62 (2d Cir. 2008).  A district judge may also receive further evidence from the

parties after reviewing a report or recommit the matter to the magistrate judge with further

instructions.  See Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1)(C) (2006).  If the parties do not submit objections, the Court may accept a report provided there is no clear error on the face of the record.  See  Role v. Eureka Lodge No. 434, I.A. of M & A.W. AFL-CIO, 402 F.3d 314, 317 (2d Cir. 2005); see also Heisler v. Kralik, 981 F.Supp. 830, 840 (S.D.N.Y. 1997), aff'd 164 F.3d 618 (2d Cir. 1998).

This Court's judgment issued after a jury trial included an award of reasonable costs and attorneys' fees pursuant to the Fair Labor Standards Act and New York Labor Law.  See Do Yea Kim v. 167 Nail Plaza, 2008 WL 2676598, at * 6 n. 4 (S.D.N.Y. July 7, 2008); see also 29 U.S.C. §216(b) (2006); N.Y. Lab. Law §§ 198(1-a), 663(1) (McKinney 2002).  Plaintiff now seeks compensation for approximately 1800 hours billed by the attorneys and paralegal assistants who represented her in this action.

The Report details the "conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended" in plaintiff's case.  See Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994).  In conducting that inquiry, Magistrate Judge Gorenstein noted that plaintiff's case "was procedurally simple in comparison with many wage or employment cases."  Report at 3.  Moreover, plaintiff presented no evidence in support of her fee application to justify the inexplicably large number of attorneys in the courtroom at trial.  Id. at 4.  The magistrate judge also found that the time records submitted in support of plaintiff's application revealed "some questionable billing entries, such as time billed for preparing for a post-verdict press conference and time billed to negotiate a settlement on behalf of a plaintiff other than Kim."  Id.  Consequently, the Report recommends that the hours underlying plaintiff's attorneys' fees be reduced by 40%.

After evaluating the case-specific factors relevant to assessing reasonable billing rates that were enumerated by the Second Circuit Court of Appeals in <u>Arbor Hill Concerned Citizens Neighborhood Ass'n. v. County of Albany</u>, 522 F.3d 182, 190 (2d Cir. 2008), Magistrate Judge Gorenstein recommended that this Court apply rates ranging from $150-200 to its calculation of plaintiff's attorneys' fees, and a rate of $50 for paralegal assistants.  Among the factors relevant to that recommendation were the magistrate judge's findings that: 1) "only one of the six attorneys for whom compensation is being awarded, Steve Choi, has demonstrated any experience in FLSA litigation" and 2) plaintiff provided no information regarding the "experience reputation, and ability" of the remaining attorneys and paralegal assistants involved in the representation.  Report at 6-7; <u>see</u> <u>also</u> <u>Arbor Hill</u>, 522 F.3d at 186, n. 3 (citation omitted).

Plaintiff also seeks to obtain prejudgment interest on the overtime wages awarded on her various state law claims.  Magistrate Judge Gorenstein correctly determined that plaintiff is entitled to pre-judgment interest on $12,783.10 in overtime wages at the rate of 9% per annum from April 7, 2001 through the date that judgment is entered on plaintiff's claim.  Report at 9; <u>see</u> <u>also</u> N.Y. Labor Law §§ 198(1-a), 5001(b) (2002); <u>Yang v. ACBL Corp.</u>, 427 F.Supp.2d 327, 342 (S.D.N.Y. 2005) (fixing intermediate date to calculate pre-judgment interest where damages were incurred on different dates).  The Report further recommends that plaintiff receive pre-judgment interest on $85,590 in damages on her retaliation claim from November 12, 2006 through the date that a final judgment is entered in her favor.  Report at 9.  This Court finds that the magistrate judge's calculation of pre-judgment interest is consistent with N.Y. C.P.L.R. § 5001 and appropriate in light of the facts in this case.

In his Report, the magistrate judge advised the parties that failure to file timely objections thereto would constitute a waiver of those objections. <u>See</u> 28 U.S.C. 636(b)(1)(A)

-3-

(2006); Fed. R. Civ. P. 72(b). No party filed objections to the Report, and the time to do so has expired. After carefully reviewing the Report, this Court finds that the record is not facially erroneous.

Plaintiff's motions for attorneys' fees, costs, and pre-judgment interest (Document Nos. 52 and 55) are GRANTED.

It is further ORDERED that defendants pay plaintiff attorneys' fees and costs totaling $181,573.80, along with pre-judgment interest in the amount of a) $3.15 per day from April 7, 2001 to the date of final judgment, for overtime wages; and b) $21.09 from November 12, 2006 to the date of final judgment, for damages on her retaliation claim.

Dated: New York, New York
      January 9, 2009

SO ORDERED:

_George B. Daniel_

GEORGE B. DANIELS
United States District Judge

-4-